**Stephen P. KUPIEC et al., Plaintiffs,**

v.

**REPUBLIC FEDERAL SAVINGS AND LOAN ASSOCIATION and Otto C. Martinek, Defendants.**

**No. 74 C 378.**

United States District Court, N. D. Illinois, E. D.

March 8, 1974.

Gerald J. Muller and Judith S. Bernstein and William J. McNally (respectively) Chicago, Ill., for plaintiffs.

George A. Askounis, Thomas J. Garvey, Fredric G. Novy, Dennis J. Vena, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the plaintiffs' motion for a preliminary injunction.

This action arises under the Savings and Loan Association Act, 12 U.S.C. § 1464. The matter in controversy exceeds the sum of ten thousand dollars exclusive of interest and costs. The jurisdiction of this Court is allegedly invoked pursuant to 28 U.S.C. §§ 1331 and 1337.

This is an action seeking declaratory and injunctive relief based on defendant's alleged unlawful practices which have denied plaintiffs access to the membership list of defendant savings and loan association in violation of the Federal Savings and Loan Association Act.

Each of the plaintiffs is a member of the defendant Republic Federal Savings and Loan Association ("Republic Federal") by reason of being a holder of a savings account of Republic Federal. See 12 U.S.C. § 1464(b)(1). The plaintiff Daniel M. Regan is allegedly a holder of more than $10,000 of withdrawal value of savings accounts in Republic Federal. The defendant Republic Federal is a federal savings and loan association organized and chartered under 12 U.S.C. § 1464, having its office in Chicago, Illinois. The defendant Otto C. Martinek is allegedly the duly elected president of defendant Republic Federal.

The plaintiffs in their instant motion request this Court to issue a preliminary injunction ordering defendants to permit plaintiffs or their agents to inspect and copy the list of all members of Republic Federal entitled to vote at the March 28, 1974 meeting of the membership.

On December 13, 1973, prior to the filing of this action, the Directors of Republic Federal passed By-law (g) which sets forth the procedural requirements that must be met before a member can communicate with other members in relation to any matter which

may properly be considered at a meeting of the members.[1]

After weighing the testimony of numerous witnesses who testified at the hearing on March 5, 1974, and carefully examining the relevant pleadings, exhibits and affidavits submitted by the parties in support of their respective positions, it is the opinion of this Court that the plaintiff's motion for a preliminary injunction should not be granted at this time and that plaintiffs should attempt to comply with By-law (g) of the Charter and By-laws of Republic Federal.

■ While it is well settled that a member of a federal savings and loan association who holds a savings account has a general right to inspect or copy a list of membership in order to solicit their votes for election of directors, this right is not absolute. Murphy v. Colonial Federal Savings and Loan Association, 388 F.2d 609 (2nd Cir., 1967); Durnin v. Allentown Federal Savings and Loan Association, 218 F.Supp. 716 (E.D.Pa., 1963); Ochs v. Washington Heights Federal Savings and Loan Association, 17 N.Y.2d 82, 268 N.Y.S.2d 294, 215 N.E.2d 485 (1966); cf. Daurelle v. Traders Federal Savings and Loan Association of Parkersburg, 143 W.Va. 674, 104 S.E.2d 320 (1958).

■ It is entirely possible and proper, for a federal savings and loan association by their own regulations to establish a reasonable procedure by which a member of the savings and loan association could communicate with other members of that association in order to solicit their votes for the election of directors by means of mailings made by the association, and thus obviate the necessity of having a member inspect or copy its membership list.[2] Practically speaking, such an alternative regulation not only guarantees a member his right to communicate with other members and solicit proxies, but also prevents the problems inherent in the blanket inspection and copying of membership lists, namely that such actions especially around the time of the annual meeting may impose an impossible burden on the federal savings and loan association and its performance in conducting ordinary business operations.

■ By-law (g) of the Charter and By-laws of Republic Federal appears on

---

1. By-law (g), defendant's Exhibit 4, provides:

"(g) Communications with Members. Every member of the association shall have the right to inspect the records of the association which pertain solely to his own accounts. Every member shall have the right to communicate with other members in relation to any matter which may properly be considered at a meeting of members. The association may not defeat such right by a redemption of the member's savings account in the association. Any member requesting a communication with other members as provided herein shall, not less than 30 days prior to the date of an annual meeting and not less than 10 days prior to the date of a special meeting, furnish the association with the following information, in writing and subscribed by him: (1) His full name and address; (2) the nature and extent of his interest in the association at the time his application is made; (3) a statement of the reasons for and purposes of the communication which he desires to make with other members; (4) a copy of such communication; and (5) the date of the annual or special meeting of the members of the associa-

tion at which the matter will be presented for consideration. Upon receipt of such request, unless made for an improper purpose, the association shall, within 10 days of receipt in the case of an annual meeting and within 3 days of receipt in the case of a special meeting, notify the members either (i) of the number of the association's members and of the estimated amount of the association's reasonable costs and expenses of mailing the communication to its members, or (ii) of its determination not to honor the request because the latter fails to comply with the provisions of this section. After receipt of such amount and sufficient copies of the member's communication, the association shall mail the same to all its members by a class of mail specified by the requesting member within 7 days of receipt of such amount and copies in the case of an annual meeting and at the earliest practicable date prior to the meeting in the case of a special meeting (or, in either case, such later date as the requesting party may specify)."

2. The Federal Home Loan Bank Board in its Opinion dated November 21, 1965 has clearly stated its ruling that By-law (g) is proper.

its face to be a reasonable regulation of the communication between members of the association. The plaintiffs contend that their message to the other members of the association cannot be adequately conveyed by a mailing and can only be communicated by face to face contact. The defendants contend that the mailing as provided by By-law (g) is an adequate means of soliciting proxies and/or communicating with members of the association about complicated issues to be raised at an annual meeting, and that face to face confrontation between the plaintiffs and other members may not only be offensive to the other members, but also may cause a serious and irreparable harm to the defendant savings and loan association.

From the evidence presented at the hearing on this matter, it is clear to this Court that the contentions of the defendants have merit and the plaintiffs should first seek to comply with By-law (g) before they seek any extraordinary equitable remedies from this Court which possibly could cause serious problems for the defendant savings and loan association.

It is the firm intention of this Court that justice should be done in the instant action. Thus this Court has chosen to require the plaintiffs to first attempt to comply with the purportedly reasonable requirements of By-law (g) before they seek any extraordinary remedies from this Court.[3] However, if the defendants fail to act reasonably in their application of By-law (g) or if they fail to proceed with the utmost dispatch to distribute the plaintiffs' message to other members of the association, this Court will not hesitate to reconsider its ruling and take whatever action is necessary to remedy the situation.

Accordingly, it is hereby ordered that the plaintiffs' motion for a preliminary injunction is denied at this time.

3. Given the fact that time is of the essence, it is clear that the defendants should not hold the plaintiffs to the time requirement of By-law (g).